IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

MEGYN ELIZABETH BELL                                                                    PLAINTIFF

VS.              CASE NO. 4:10-cv-01641 BSM (Lead Case)

CASE NO. 4:11-cv-00063 DPM (Consolidated Case)

WILLIS D. "TRIPPER" CRONKHITE, III,
as Trustee of the Megyn Elizabeth Bell Trust, and
UNITED STATES OF AMERICA                                                              DEFENDANT

### BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE U.S.'s CROSSCLAIM

### I. INTRODUCTION.

The United States of America's (the "U.S.'s") Crossclaim against the Megyn Elizabeth Bell Trust (the "Trust") is barred as a matter of law by the 10-year statute of limitations under 26 U.S.C.A. § 6502(a). Thus, judgment on the pleadings in favor of the Trust and Plaintiff, Megyn Elizabeth Bell ("Plaintiff"), and against the U.S., is proper.

### II. ARGUMENT.

**A. Standard for Judgment on the Pleadings.**

"We review the grant of judgment on the pleadings under 'the same standard used to address a motion to dismiss for failure to state a claim under [Fed.R.Civ.P.] 12(b)(6).'" *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009), quoting *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir.2009) (citation omitted). The Court must analyze the motion "accepting all factual allegations in the complaint as true and granting every reasonable inference

1

in favor of the nonmovant." *Knieriem v. Group Health Plan, Inc.,* 434 F.3d 1058, 1060 (8th Cir. 2006).

"[W]ell-pleaded facts, not legal theories or conclusions, determine [the] adequacy of [t]he complaint." *Clemons*, quoting *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 698 (8th Cir. 2003) (citing *Parkhill v. Minn. Mut. Life Ins. Co.,* 286 F.3d 1051, 1057-58 (8th Cir.2002)).  The facts alleged in the complaint "'must be enough to raise a right to relief above the speculative level.'" *Clemons*, quoting *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

The Court may, with respect to a Rule 12(c) motion, consider matters outside of the pleadings that are in the public record without converting the motion into one for summary judgment.  *See Faibisch v. University of Minnesota*, 304 F.3d 797, 802-3 (8th Cir. 2002) ("When deciding Rule 12(c) motions, however, courts may rely on matters within the public record . . . . Accordingly, we conclude that an EEOC charge is part of the public record, and thus the motion to dismiss was not converted to one for summary judgment by the attachment of a copy of the EEOC charge.").

Here, as will be discussed herein, accepting all the allegations in the U.S.'s Crossclaim as true, Plaintiff and the Trust are entitled to judgment on the pleadings.  When the Court considers the Notice of Levy issued by the U.S., which is a public record, it is clear that the statute of limitations has, as a matter of law, run against the U.S.'s cause of action against the Trust and Plaintiff.

### B.  The U.S.'s Crossclaim Is Barred by the Statute of Limitations.

As a general rule, "the amount of any tax imposed by [the IRS code] shall be assessed within 3 years after the return was filed[.]."  26 U.S.C.A. § 6501(a).  Once a tax has been

2

assessed, a levy or suit to execute on the tax must begin "within 10 years after the assessment of the tax[.]" 26 U.S.C.A. § 6502(a). This 10-year statute of limitation applies to causes of action for fraudulent transfers such as in the U.S.'s Crossclaim. *See United States v. Bacon*, 82 F.3d 822, 825 (9th Cir. 1996) ("Because the state statute of limitations for actions under the [state fraudulent conveyance act] does not apply to the federal government, the applicable limitation is the ten-year federal statute of limitations governing tax assessment collection actions.").

Here, in its pleadings, the U.S. alleges that "[o]n September 14, 1998 . . . , the IRS assessed [Melvyn] Bell for the outstanding liabilities for tax years 1985, 1986, 1988" in the sum of $1,138,417.85. See Doc. # 10, Case No. 10-1641, ¶ 18. The crux of the U.S.'s Crossclaim against the Trust is that it seeks the Trust's assets to satisfy the assessment because allegedly "Melvyn Bell formed the Trust for the purpose of evading tax collection." See id., ¶ 23.[1] Thus, the ten-year statute of limitations for this assessment is applicable, and it expired on September 13, 2008. Yet, the Crossclaim was not commenced until December 13, 2010. This is far past the expiration of the 10-year statute of limitations.

Apparently anticipating the statute of limitations argument, the U.S. alleges in its Crossclaim that "[o]n December 12, 2002, the IRS served the Trust with IRS Form 668-A Notice of Levy ['Notice of Levy'] to collect assets belonging to Melvin Bell or his nominee, TELCOR." Doc. # 10, ¶ 36 (emphasis added). The underlined phrase constitutes a bald assertion without any basis in fact. Based on this bald assertion, the U.S. concludes, "[t]he levy against the Trust was timely under I.R.C. § 6502." Doc. # 10, ¶ 36. Yet, when the actual Notice of Levy is scrutinized, this bald conclusion does not rise beyond the speculative.

---

[1] While not directly relevant to the instant inquiry, it is curious that this allegation of tax evasion is directly contradicted elsewhere in the Crossclaim, where the U.S. alleges that the Trust is irrevocable (see Doc. # 10, ¶ 6), which if true (and it is) means that the Trust could not possibly be used to evade taxes because Melvyn Bell would never again have control over the assets.

As a related issue, the Notice of Levy is a matter of public record. Records of the IRS are subject to production pursuant to the Freedom of Information Act, which generally requires that an agency release public records in response to a request that "reasonably describes such records" and "is made in accordance with published rules stating the . . . procedures to be followed." 5 U.S.C. § 552(a)(3). Specifically, a Notice of Levy is subject to a Freedom of Information Act request. *See Melling v. Mattley,* 10 Neb. App. 745, 637 N.W.2d 661 (2002) (stating that the Appellees' received "notices of levy, seizure and sale . . . from the IRS under the Freedom of Information Act."). Therefore, Plaintiff's request that the Court scrutinize the actual Notice of Levy does not convert this into a motion for summary judgment. *See Faibisch, supra.*

We now turn to a review of the actual Notice of Levy, which is attached to the Motion as Exhibit A. The Notice of Levy was directed to Cronkhite Law Firm and dated December 12, 2002. See Exhibit A. The Notice of Levy identified the taxpayer subject to levy as "Melvin Bell [and] The Entertainment & Leisure Co. as Nominee/Alter-ego of Melvyn Bell[.]" Exhibit A. The Notice directed Cronkhite Law Firm to "turn over to us *this person's* property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay *this person."* Exhibit A (emphasis added). Notwithstanding the U.S.'s bald conclusion in ¶ 36 of its Crossclaim, this Notice of Levy is clearly <u>not</u> directed to the Trust or to Mr. Cronkhite as Trustee.

The U.S.'s failure to attach this Notice of Levy to its Crossclaim underscores the baldness of its inaccurate conclusion that the Notice was served on the Trust. Such failure is compounded when one considers that the U.S. had indicted Melvyn Bell on tax evasion prior to issuing the Notice of Levy to the Cronkhite Law Firm. A copy of the Indictment, which is a public record, is attached to the Motion as Exhibit B. In the Indictment, the U.S. expressly contends that one of

4

the entities used to hide Mr. Bell's assets was the Trust.  See Ex. B, ¶ 7.  So, even though the U.S. had made such an express allegation in the Indictment, it wholly failed subsequently to designate the Trust, or reference Mr. Cronkhite as Trustee, in the Notice of Levy.  The Indictment was later dismissed, a copy of which is attached hereto as Exhibit C, so the U.S. never proved the allegations in the Indictment.

### III. CONCLUSION.

For these reasons, Plaintiff respectfully requests the Court to grant the Motion for Judgment on the Pleadings as to the U.S.'s Crossclaim, and to award all other just and proper relief to which Plaintiff and the Trust are entitled.

> Respectfully submitted,
>
> NISWANGER LAW FIRM PLC
> #5 Innwood Circle, Suite 110
> Little Rock, AR 72211
> Phone (501) 223-2888
> Fax (501) 421-3651
> Email: steve@niswangerlawfirm.com
>
> By: _____
>      Stephen B. Niswanger, # 96012
>
> *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2011, a copy of the foregoing was sent by regular mail to Floyd M. Thomas, Jr., 423 North Washington, El Dorado, AR 71730, fax no. 870-862-7228; and Sean P. Beaty, Esq., U. S. Department of Justice - Tax Division, Ben Franklin Station, Post Office Box 7238, Washington, DC 20044-7238, Fax: 202-514-6770; and by email to all persons designated in the CM/ECF system.

> _____
> Stephen B. Niswanger