## SETTLEMENT AGREEMENT

On this 29th day of June, 2012, the Megyn Elizabeth Bell Trust (the "Trust"), Megyn Elizabeth Bell ("Bell"), and the United States of America (the "U.S.") enter into this Settlement Agreement (the "Agreement"), for and in consideration of the mutual covenants herein, the sufficiency of which is hereby acknowledged, the parties agree to the following:

1. **Trust Assets.** After reviewing Mr. Cronkhite's deposition testimony and his accounting documentation in the case styled *Bell v. Cronkhite*, et al., U.S. District Court, E.D. Ark., No. 4:10-cv-01641 (the "Federal Lawsuit"), it appears to the parties that the Trust's assets are as follows:

    a) $55,844.52 plus accrued interest in the Court's Registry in the Federal Lawsuit;

    b) Approximately $70,000.00 in the Arkansas Land Commissioner's possession;

    c) Fifty percent (50%) ownership in the Belvedere golf club in Hot Springs, Arkansas, a club which may be insolvent at this time;

    d) Tract A, Belle Pointe, Pulaski County, Arkansas, parcel no. 43L1050300001;

    e) 40 Acres – Belle Point, parcel no. 43L1020000400, which may be subject to FDIC mortgage (this will require further inquiry);

    f) Lot 48, Dairy Farm Addition, Pulaski County, Arkansas; and

    g) Possible interest in mineral rights to 5,000 acres in Oklahoma (this will require further inquiry).

The above described property and interests are hereinafter collectively referred to as the "Trust Assets."

2. **Ownership, Dismissal, and Dissolution.** Upon the Court's approval in the Federal Lawsuit of Bell's renewed motion to dissolve the Trust and her motion to approve this Agreement and dismiss with prejudice the U.S.'s cross claim against the Trust, the Trust shall be dissolved, and the U.S. shall have ownership of 20% of the Trust Assets, and Bell shall have ownership of 80% of the Trust Assets. The Order dissolving the Trust, approving the Agreement, and dismissing with prejudice the U.S.'s cross claim against the Trust shall also release and discharge any and all liens, levy, and other process the U.S. may have concerning the Trust Assets, with the exception of possible federal employment tax liens against Belvedere.

**Exhibit 1**

3. **Investigation of Belvedere.** Within a reasonable amount of time after the Court dissolves the Trust, approves the Agreement, and dismisses the U.S.'s cross claim, the U.S. shall cause the Internal Revenue Service to investigate the value of the Belvedere golf club in Hot Springs, Arkansas, including any questionable transactions.

4. **Real Estate Interests.** In order to maximize the sales prices, the U.S. shall not force Bell to sell the real estate that is part of the Trust Assets (the "Real Estate") for two (2) years from the entry of the Order dismissing the U.S.'s cross claim. If Bell chooses to engage the services of an auctioneer to sell any or all of the Real Estate, the U.S. will not unreasonably withhold consent to the use of an auctioneer to be selected by Bell, and any such auctioneer's commission will be paid from the sale proceeds.

5. **Cash and other Recovered Proceeds.** The cash that is part of the Trust Assets will be split as soon as possible in accordance with Bell's and the U.S.'s percentages. The parties will split the net sale proceeds from the sales of the Real Estate according to the percentages. If Belvedere has any value, or if Bell as successor to the Trust has a claim against Skip Davidson, the owner of Davidson Holding Company, or his entities for wrongdoing, the parties will split the net proceeds from a sale or recovery in accordance with their respective percentages.

UNITED STATES OF AMERICA

By: _____        _____
Sherra Wong, Esq.                      Megyn Elizabeth Bell
U.S. Department of Justice
Tax Division

3. **Investigation of Belvedere**. Within a reasonable amount of time after the Court dissolves the Trust, approves the Agreement, and dismisses the U.S.'s cross claim, the U.S. shall cause the Internal Revenue Service to investigate the value of the Belvedere golf club in Hot Springs, Arkansas, including any questionable transactions.

4. **Real Estate Interests**. In order to maximize the sales prices, the U.S. shall not force Bell to sell the real estate that is part of the Trust Assets (the "Real Estate") for two (2) years from the entry of the Order dismissing the U.S.'s cross claim. If Bell chooses to engage the services of an auctioneer to sell any or all of the Real Estate, the U.S. will not unreasonably withhold consent to the use of an auctioneer to be selected by Bell, and any such auctioneer's commission will be paid from the sale proceeds.

5. **Cash and other Recovered Proceeds**. The cash that is part of the Trust Assets will be split as soon as possible in accordance with Bell's and the U.S.'s percentages. The parties will split the net sale proceeds from the sales of the Real Estate according to the percentages. If Belvedere has any value, or if Bell as successor to the Trust has a claim against Skip Davidson, the owner of Davidson Holding Company, or his entities for wrongdoing, the parties will split the net proceeds from a sale or recovery in accordance with their respective percentages.

UNITED STATES OF AMERICA

By: _____
Sherra Wong, Esq.
U.S. Department of Justice
Tax Division

_____
Megyn Elizabeth Bell

2